IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

H.C. SCHMIEDING PRODUCE CO., INC., an Arkansas corporation,

    Plaintiff,

v.

CHICAGO QUALITY MELON, LLC, an Illinois limited liability company not in good standing, and RUBEN ESPINOZA,

    Defendants.

No: _____

## COMPLAINT
### (To Enforce Payment From Produce Trust)

H.C. Schmieding Produce Co., Inc. ("Plaintiff"), by and through its undersigned attorney, for its complaint against Chicago Quality Melon, LLC ("CQM") and Ruben Espinoza ("Espinoza") (collectively, "Defendants"), alleges:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiff's claim arose in this District and (b) Defendants reside in and maintain their principal place of business is in this District.

### PARTIES

3. Plaintiff, an Arkansas corporation with its principal place of business in Springdale, Arkansas, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce and was at all

times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. Defendant CQM, an Illinois limited liability company on information and belief not in good standing, was at all relevant times engaged in the business of buying wholesale quantities of Produce in interstate commerce from its principal place of business located at 2455 S. Damen Ave., Chicago, IL, and was at all relevant times a dealer subject to license under the provisions of the PACA as a dealer.

5. Defendant Espinoza on information and belief resides in Hinsdale, IL. He was on information and belief the owner, principal and/or limited liability company manager of CQM during the period of time in question who controlled the day to day operations of CQM and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. §499e(c).

7. Between August 26, 2013, and October 14, 2013, Plaintiff sold and delivered to Defendants in interstate commerce, *inter alia*, fifteen (15) loads of Produce (consisting of watermelons -- the "Loads") at a wholesale value of $120,536.43. Defendants have remitted only three (3) payments toward these Loads totaling $19,000.00, leaving a remaining balance of **$101,536.43**. A copy of Plaintiff's statement of account relating to these Loads is attached hereto as **Exhibit A.**

8. At the time of Defendants' receipt of the Loads, Plaintiff became a beneficiary in a statutory PACA trust designed to assure payment to Produce suppliers. The trust consists of all

Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the PACA trust.

9. Plaintiff preserved its interest in the PACA trust by sending invoices to Defendants which contained the language required by 7 U.S.C. § 499e(c)(4), and remains a beneficiary until full payment is made for all Produce supplied. Copies of Plaintiff's invoices and corresponding bills of lading are attached hereto as **Exhibit B.** All of Plaintiff's invoices to Defendants contain the requisite statutory notice of intent to preserve PACA trust benefits.

10. Defendants accepted the Loads from Plaintiff as evidenced by the signed bills of lading which correspond to each of the invoices attached hereto as **Exhibit B.** Certain of the bills of lading reflect that portions of the Loads were rejected, and thus certain of the amounts claimed on the statement of account (**Exhibit A** hereto) reflect the parties' subsequent agreement on discounted invoice amounts. Defendants have not disputed the amounts claimed on the statement of account in any way.

11. Defendants have ceased communicating with Plaintiff, and calls to Defendant CQM's business telephone (773/650-6130) at the time of the drafting of this Complaint reveal that it is currently a non-working number, with no forwarding or other information.

12. Defendants' failure, refusal and inability to pay Plaintiff -- including but not limited to the apparent closing of CQM's business -- demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## Count 1
### (Failure to Pay Trust Funds)

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. The failure of Defendants to make payment to Plaintiff of trust funds in the amount of the remaining balance of **$101,536.43** from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of **$101,536.43** to Plaintiff, and for such other and further relief as the Court deems necessary and appropriate.

## Count 2
### (Failure to Pay For Goods Sold)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. Defendants failed and refused to pay the remaining PACA trust balance of **$101,536.43** owed to Plaintiff for the Loads received by Defendants from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the amount of **$101,536.43** against the Defendants, jointly and severally, and for such other and further relief as the Court deems necessary and appropriate.

## Count 3
### (Unlawful Dissipation of Trust Assets by a Fiduciary -- Ruben Espinoza)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

4

18. Defendant Espinoza failed to direct and ensure that Defendant CQM fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Loads supplied.

19. Defendant Espinoza's failure to direct and ensure that Defendant CQM maintain PACA trust assets and pay Plaintiff for the Loads it supplied was an unlawful dissipation of trust assets by a fiduciary in a position to control the trust assets belonging to Plaintiff.

20. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the Loads it supplied.

WHEREFORE, Plaintiff requests judgment in the amount of **$101,536.43** against Defendant Ruben Espinoza, and for such other and further relief as the Court deems necessary and appropriate.

## Count 4
### (Interest and Attorney's Fees)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. Defendants failed to make full payment promptly of the remaining PACA trust balance of **$101,536.43** and Plaintiff has lost the use of said money.

23. As a result of Defendants' failure to make full payment promptly of the remaining PACA trust balance of **$101,536.43**, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties.

24. Moreover, in addition to the requisite statutory language required by 7 U.S.C. § 499e(c)(4) to provide notice of Plaintiff's intent to preserve its PACA trust benefits, Plaintiff's

invoices provide for interest of 1.5% per month on unpaid balances, and attorney's fees necessary to collect any balance due. _See_ invoice copies attached hereto as **Exhibit B.**

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, for prejudgment interest, costs and attorney's fees, and for such other and further relief as the Court deems necessary and appropriate.

>Respectfully submitted,
>
>H.C. SCHMIEDING PRODUCE CO., INC.
>
>By: _/s/ William B. Kohn_
>     Its Attorney

William B. Kohn (ARDC No. 6196142)
LAW OFFICES OF WILLIAM B. KOHN
150 North Wacker Drive, Suite 1400
Chicago, Illinois 60606
(312) 553-1200; Fax: (312) 553-1733
kohn@wbkohnlaw.com