IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| H.C. SCHMIEDING PRODUCE CO., INC. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 14-cv-3888 |
| | ) | |
| v. | ) | Hon. Matthew F. Kennelly |
| | ) | Magistrate Judge Cole |
| CHICAGO QUALITY MELON, LLC, and | ) | |
| RUBEN ESPINOZA, | ) | |
| | ) | |
| Defendants | ) | |

-----------------------------------------------------------------

| | |
|---|---|
| CHICAGO QUALITY MELON, LLC and | ) |
| RUBEN ESPINOZA, | ) |
| | ) |
| Third Party Plaintiffs | ) |
| v. | ) |
| | ) |
| RICHARD D. SRUM, individually and | ) |
| KAYLA SRUM, individually | ) |
| | ) |
| Third Party Defendants | ) |

**THIRD PARTY COMPLAINT**

For its Third Party Complaint Chicago Quality Melon LLC and Ruben Espinoza, states as follows:

**THE PARTIES**

1.  Third Party Plaintiffs are a) Chicago Quality Melon, LLC ("CQM"), and Illinois Limited Liability CQM, which maintained offices in Chicago, Illinois and b) Ruben Espinoza, an individual who resides in Hinsdale, Illinois. ("Third Party Plaintiffs")

2.  H.C. Schmieding Produce Co., Inc. ("Plaintiff") sold wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce to CQM and alleges in

its complaint that it is a beneficiary of the statutory trust created pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("PACA").

3. Defendants are:

b) Richard D. Srum, in his individual capacity, and a person in a position to control CQM; and

c) Kayla Srum, in her individual capacity, and a person in a position to control the CQM.

(Richard D. Srum and Kayla Srum are collectively referred to as the "Third Party Defendants".)

### JURISDICTION AND VENUE

4. The District Court has jurisdiction over this civil action arising under PACA pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Intervening Third Party Plaintiffs' other claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Intervening Third Party Plaintiffs' claims occurred in this district.

6. Permissive joinder of the Third Party Defendants is allowed under Rule 20 of the Federal Rules of Civil Procedure ("FRCP") as the claims against them are arising out of the same transactions and occurrences as the claims Plaintiff brought against Defendants/Third Party Plaintiffs.

### FACTUAL ALLEGATIONS

7. This action was originally instituted when Plaintiff H.C. Schmieding Produce Co., Inc. ("Plaintiff") filed its complaint ("Complaint") against CQM and Ruben Espinoza for

allegedly breaching their fiduciary duties under the statutory trust imposed by the Perishable Agricultural Commodities Act ("PACA") 7 USC §499a-t.

8. Plaintiff alleges it sold to the CQM and the CQM purchased from Plaintiff, Produce having a current total aggregate value in the amount of $101,536.43, plus further interest and attorneys' fees.

9. The Complaint detailed the Produce sold in the invoices attached to the Complaint and that CQM received the invoices.

10. Plaintiff alleged in its Complaint that it is properly preserved its rights under PACA to be a beneficiary of the PACA trust and that CQM is the statutory trustee.

11. Plaintiff alleged in its Complaint that Ruben Espinoza was in a position to control CQM and the PACA trust assets.

## COUNT I.

## BREACH OF FIDUCIARY DUTY

### The Third Party Defendants

12. Third Party Plaintiffs reallege paragraphs 1 through 10.

13. At all times relevant to this action, the Third Party Defendants were persons engaged in the business of buying or selling Produce.

14. The Third Party Defendants Richard D. Srum and Kayla Srum ran the day-to-day operation of CQM and as such were each in a position to control CQM and its PACA trust assets.

15. Third Party Defendants had full knowledge and responsibility for the handling of the CQM's PACA trust undertakings.

16. Third Party Defendants were statutory trustees of the PACA trust and were required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as that owed the Plaintiff. As trustees of the PACA trust, Third Party Defendants each held a fiduciary relationship with Plaintiff.

17. Third Party Defendants are each personally liable to Plaintiff and are each liable for contribution and indemnification to Third Party Plaintiffs for the dissipation of the PACA trust in the amount of $101,536.43, plus further interest and fees, or to the extent Third Party Plaintiffs are held liable to the Plaintiff, to be satisfied from the personal assets of the Third Party Defendants. Such breach of the Third Party Defendants' fiduciary duty constitutes a defalcation and their liability is therefore non-dischargeable pursuant to 11 U.S.C. §523(a).

**FOR THESE REASONS,** Third Party Plaintiffs seeks the entry of an Order providing as follows:

A) As to Count I, entering a Final Judgment in favor of Third Party Plaintiffs and against Third Party Defendants, on a joint and several basis, finding that Third Party Defendants' acts were a breach of their fiduciary duties to the PACA trust beneficiaries, resulting in a defalcation while acting in a fiduciary capacity, with damages to Third Party Plaintiffs in the current amount of $101,536.43, or to the extent Third Party Plaintiffs are found liable to Plaintiff, plus further interest and collection costs, including attorneys' fees, and,

B) Providing such other relief this Honorable Court deems necessary.

        Respectfully submitted,

        CHICAGO QUALITY MELON, LLC
        RUBEN ESPINOZA

By:   /s/ David A. Adelman
        Their Attorney

        David A. Adelman, Esq.
        ADELMAN LAW OFFICES LLC
        1901 N. Roselle Road, Suite 800
        Schaumburg, Illinois 60195
        Tel: 847/301-4341
        Fax: 847/301-4342
        adelman@pacaenforcer.com